UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN SIMMONS,

        Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:19 CV 189

LAWRENCE SIMMONS,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

On March 12, 2019, Defendant Lawrence Simmons removed the present matter to this Court. This matter is a state court action involving the issuance against Defendant of a personal protection order, procured at the behest of Defendant's wife, Karen Simmons. Defendant and his wife are presently in the process of dissolving their marriage. Defendant previously removed this state court divorce proceeding to this Court, after which the undersigned recommended that it be dismissed for lack of subject matter jurisdiction. *Simmons v. Simmons*, case no. 1:19-cv-30 (W.D. Mich.). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the present action likewise be **dismissed** for lack of subject matter jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction "and the law presumes that a cause lies outside this limited jurisdiction." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). Nevertheless, a defendant in a state court civil action may remove to federal court matters over which that court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Defendant, having

removed the matter to this Court, shoulders the burden to establish that this Court can properly exercise jurisdiction. *See Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Moreover, because deficiencies regarding subject matter jurisdiction can never be waived, the Court is "obligated to consider sua sponte whether [it has] jurisdiction." *Ibid.*

When examining whether the Court has subject matter jurisdiction over an action removed from state court, the original complaint controls. *See Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ([T]he question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint.'"). In other words, removal is limited "by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." 14C Wright, et al., Federal Practice and Procedure § 3370, at 429-32 (4th ed. 2009); *see also*, *Roddy v. Grand Trunk Western R.R. Inc.*, 395 F.3d 318, 322-23 (6th Cir. 2005) (same).

The state action which Defendant seeks to remove to this Court concerns the issuance, and subsequent extension, of a personal protective order sought, pursuant to Michigan law, by Karen Simmons against Defendant. (ECF No. 1-2 at PageID.12-22). This matter does not fall within this Court's original jurisdiction. Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction to resolve such. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: April 12, 2019                                /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge