UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN SUE SIMMONS,

    Plaintiff,

v.

LAWRENCE LYNELL SIMMONS,

    Defendant.
_____/

Case No. 1:19-cv-189

HON. JANET T. NEFF

## **OPINION AND ORDER**

Defendant removed this matter from the state court to this Court, seeking relief concerning a personal protection order obtained against him by his wife, in the course of their divorce proceedings (ECF No. 1). This is the second of three actions Defendant has pursued in this Court related to his divorce. The Magistrate Judge recommended the first action, Case No. 1:19-cv-30, be dismissed for lack of subject matter jurisdiction, and this Court agreed. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge issued a Report and Recommendation, likewise recommending that this action be dismissed for lack of subject matter jurisdiction (ECF No. 7 at PageID.32). The Magistrate Judge determined that "[t]he state action which Defendant seeks to remove to this Court concerns the issuance, and subsequent extension, of a personal protective order sought, pursuant to Michigan law, by Karen Simmons against Defendant. (ECF No. 1-2 at PageID.12-22). This matter does not fall within this Court's original jurisdiction" (ECF No. 7 at PageID.33).

The matter is presently before the Court on Defendant's Objection to the Report and Recommendation (ECF No. 11). Defendant presents no discernable valid objection to the Report

and Recommendation. Defendant asserts that this Court has original jurisdiction pursuant to the "Federal Violence against Women Act," "18 USC Sec. 2065(a), (b)," upon which "State module [sic, model?] Protection Orders are drafted" …" (ECF No. 11 at PageID.60). Defendant also asserts original jurisdiction under the federal removal statute and invokes his constitutional due process rights and liberty interest to be free from false claims based on the alleged void protection order (*id*. at PageID.60-61). Defendant's conclusory statements fail to establish any cognizable basis for subject matter jurisdiction. Absent jurisdiction, this Court has no basis for action in this case or on the motions Defendant has filed following the Report and Recommendation: his motion for expedited bench trial (ECF No. 8); and his motion to strike Plaintiff's response to Defendant's first motion (ECF No. 13).

Therefore, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court denies the Objection and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

For the above reasons, because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3), as recommended by the Magistrate Judge, that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 11) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this action (ECF No. 1) is DISMISSED for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's pending motions (ECF Nos. 8, 13) are DENIED as moot based on the lack of jurisdiction.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: July 19, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge